## Ruiz de Val *v.* Virella.

Apelación procedente de la Corte de Distrito de Humacao.

No. 100.—Resuelto en Mayo 20, 1904.

Contratos—Obligaciones.—Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse á tenor de los mismos.

Costas.—Las costas deben imponerse al litigante cuyas pretensiones se hubieren desestimado totalmente, pero en otros casos debe imponerlas el Tribunal con arreglo á equidad.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de Humacao entre partes de la una, como demandante Don Eugenio

Ruiz de Val, casado, mayor de edad, propietario y vecino de Guayama, representado, y dirigió en esta Superioridad por el abogado Don Wenceslao Bosch, y de la otra, como demandado, Don Pedro Virella Uribe, del mismo vecindario, de estado casado, mayor de edad y propietario, representado y dirigido por su abogado defensor Don Rafael López Landrón, en cobro de pesos; autos pendientes ante Nos á virtud del recurso de apelación interpuesto por el demandante contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

*Sentencia.*—En la ciudad de Humacao á los veinte y siete días del mes de Julio de mil novecientos tres, vistos estos autos de juicio declarativo seguido por Don Eugenio Ruiz del Val, casado, mayor de edad y propietario, vecino de Guayama, contra Don Pedro Virella Uribe, vecino de Guayama, casado, mayor de edad y propietario, en cobro de pesos, dirigidos y representados por los Letrados Don Juan F. Vias Ochoteco y Don Rafael López Landrón.

1. *Resultando*: que el Letrado Don Tomás Bernardini de la Huerta, á nombre y representación de Don Eugenio Ruiz de Val interpuso demanda contra Don Pedro Virella Uribe solicitándose se condenase á éste al pago de la suma de mil novecientos treinta y siete dollars treinta y dos centavos con las costas, cuya cantidad venía obligado á satisfacerle en virtud de un arreglo de cuentas pendientes, practicado entre el demandado Sr. Virella y el actor, otorgando al efecto el primero un documento privado ante los testigos Don Antonio Grau y Don Aureo Alvarez, cuyo documento encabeza las diligencias preparatorias de ejecución, en las que compareció el demandante promoviendo su petición: que en dicho documento se comprometió el demandado á abonar la suma de dos mil novecientos cuarenta y ocho pesos con noventa centavos, moneda provincial, procedentes de sueldos devengados por el personal del Ayuntamiento de Arroyo y la de doscientos sesenta y cuatro pesos treinta y un centavos, de igual moneda, como importe de créditos que contra la corporación municipal de Arroyo poseía el demandante y que el demandado Sr. Virella se comprometió también á abonar: que habiéndose hecho exigibles las deudas háse visto precisado á recurrir á la vía judicial, practicando el embargo preventivo de bienes del deudor y formulando la pretensión que se deduce en la demanda.

2. *Resultando*: que conferido traslado de la misma al demanda-

do, éste la impugnó alegando que el título base de la reclamación no está otorgado sino en el concepto, por lo que se refiere á Don Pedro Virella Uribe, de depositario de los fondos municipales y por deudas del Ayuntamiento con sus empleados, que dicho otorgamiento no está autorizado por síndico, por la Corporación Municipal, ni por su Alcalde, así como que el documento de deber se halla sujeto á una prévia condición suspensiva y no ha sido declarado, para los efectos de la contribución, conforme al Bill Hollander, solicitando se tuviese por impugnada la demanda con las costas al demandado.

3. *Resultando*: que convocadas las partes á una comparecencia para prueba, la representación del demandante propuso la de confesión en juicio, documental pública y privada, la de peritos y la testifical, y la del demandado las de confesión del demandante y la documental consistente en certificación del Tesorero Insular y la relativa á créditos y bienes declarados por el actor; las que fueron declaradas pertinentes por el Tribunal, disponiéndose la práctica de las mismas.

4. *Resultando*: que señalado el acto del juicio oral para el veinte y cuatro de Marzo último, surgió en dicho acto una cuestión de competencia, solicitando, ambas partes, la citación del Ministerio Fiscal para la discusión de la misma, y señalado nuevo día para la celebración del juicio tuvo éste efecto el diez y ocho del actual compareciendo los Letrados representantes de las partes y el Ministerio Fiscal y resolviéndose previamente la cuestión de competencia en sentido de reconocerla al Tribunal y continuado el juicio renunció la parte actora á la declaración de los testigos propuestos por la misma, siendo únicamente examinado el demandado Don Eugenio Ruiz de Val, dejando las partes á la consideración de la Sala el exámen de la prueba documental, é informando oralmente los respectivos Letrados defensores sobre el derecho de sus defendidos: y señalado día para la votación, el Tribunal por unanimidad absolvió de la demanda al demandado con las costas al actor.

5. *Resultando*: que en la tramitación de este juicio se han observado las reglas del procedimiento.

*Visto*: siendo Ponente el Juez Asociado de este Tribunal, el Sr. Charles E. Foote.

1. *Considerando*: por lo que hace á lo que pudiera llamarse primera parte de la obligación, que expresándose en el documento base de este litigio, que aquel tuvo por fín un arreglo de cuentas por cantidades determinadas procedentes de sueldos devengados hasta Setiembre de mil ochocientos noventa y tres, sin decirse en la obligación, desde cuando empezaron á devengarse dichos sueldos y especificán-

dose en ellas la cantidad devengada por cada empleado, el actor ha debido probar que se habían recibido, conforme al contrato, las firmas en los libramientos, á favor de dichos, empleados por cada una de las cantidades con que cada uno de ellos aparece en la relación inscrita en el repetido contrato, lo que no ha hecho, concretándose en la prueba que propuso y practicó, sin especificar cantidades, á acreditar por certificación del Tesorero de Puerto Rico que la mayor parte de los empleados relacionados en el documento tenían firmado los libramientos correspondientes á los años de 1891 al 92 del 92 al 93 y meses de Julio á Setiembre del 93 al 94.

2.   *Considerando* : en lo que se refiere á lo que pudiera calificarse de segunda parte del contrato, que éste se basa en créditos del Sr. Ruiz de Val contra el Ayuntamiento, por suministro de alumbrado durante los años 1891 á 1892 al 93 y Julio á Setiembre del 93, que se comprometió á satisfacer el Sr. Virella, mediante libramientos suscritos por Ruiz; y además por efectos suplidos á la Alcaldía y por alquileres de una casilla para el consumo, sin especificar estas dos últimás partidas á que años ó meses se refieren; ni con la prueba de certificación del Tesorero de Puerto Rico, propuesta y practicada, ni con otra alguna se acreditan dichos extremos.

3.   *Considerando* : que las obligaciones que nacen de los contratos deben cumplirse al tenor de los mismos.

4.   Considerando : que al actor incumbe el probar su acción.

5.   *Considerando* : que conforme á la regla 63 de la Orden General, número 118, las costas deben imponerse á la parte cuyas pretensiones sean totalmente desestimadas.

Vistos los artículos 1091 y 1214 del Código Civil anterior, vigente en este asunto, y las demás disposiciones legales de la materia.

*Fallamos* : que debemos absolver y absolvemos á Don Pedro Virella Uribe de la demanda que le interpuso Don Eugenio Ruiz de Val, en cobro de los mil novecientos treinta y siete dollars con treinta y dos centavos reclamados en este litigio, con imposición de las costas al actor.

Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.—Salvador Fulladosa, Charles E. Foote, Ramón Quiñones.

*Resultando* que contra esta sentencia interpuso apelación la representación del demandante Don Eugenio Ruiz de Val, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personadas éstas, se dió

al recurso la tramitación correspondiente, y se señaló día para la vista, cuyo.acto se celebró con asistencia de los abogados defensores de las partes.

Abogado del apelante: *Sr. Bosch.*

Abogado del apelado: *Sr. López Landrón.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando,* además, que en el documento que se acompañó con la demanda, y obra agregado al fólio 1 de éstos autos, y que se intitula ''dè arreglos de conformidad de cuentas de personal del Ayuntamiento de Arroyo entre Don Eugenio Ruiz de Val, acreedor por pagos hechos á dicho personal, y el Depositario· Don Pedro Virella Uribe,'' otorgado en Guayama, ante los testigos que los suscriben, Don Antonio Grau y Don Aureo Alvarez, en cuatro de Enero de 1894, se comprometió el expresado Virella Uribe á abonar á Don Eugenio Ruiz de Val· las cantidades que se expresan en dicho documento,una vez que recogiera las firmas de los interesados en los respectivos libramientos por sueldos y atenciones devengados hasta Setiembre de 1893, insertándose á continuación, en el mismo, la relación· de los empleados del Ayuntamiento y las cantidades con que cada uno figuraba en la liquidación practicada, montantes en junto á la suma de dos mil novecientos cuarenta y ocho pesos con noventa centavos provinciales; y comprometiéndose, además, el Depositario Virella Uribe á abonar á Ruiz del Val, mediante libramiento suscrito por el interesado, los créditos con que figuraba el mismo Ruiz del Val, como acreedor del Ayuntamiento por alumbrado y otros conceptos que se expresan, ascendentes á la suma de doscientos sesenta y cuatro pesos con treinta y un centavos, los que unidos á los dos mil novecientos cuarenta y ocho pesos noventa centavos, que se le debían por los sueldos pagados á los empleados del Ayuntamiento, montaban en junto á la suma de tres mil trescien-

tos trece pesos veinte y un centavos provinciales: y conviniéndose por último que Don Eugenio Ruiz del Val entregaría á Virella en su oportunidad los vales que tenía de dichos empleados, ó recibos á cuenta de los mismos, cuando dichos vales excedieran de los abonos, en cuyo caso se pondría en aquellos las notas correspondientes.

*Resultando* de la certificación librada por el Hon. Tesorero de Puerto Rico, obrante al fólio setenta y cinco de estos autos, y traida á solicitud del actor durante el término de prueba, que según consta en las cuentas de los fondos municipales del Ayuntamiento de Arroyo, correspondientes á los años económicos de 1891 á 1892, 1892 á 1893, y 1893 á 1894, que existen en aquella oficina, los Señores Don Miguel Jeannot, Don José Ma. Alcaide, Don Juan María Saavedra, Don Casimiro Llabrés, Doña Ana Valdejuly de Cintrón, Don Antonio Arquel Iglesias, Don Agapito Virella, Don Eugenio Marianton, Don José Marti Vall, Don Luis Menar, Don Clemente Iglesias, y Don Cándido García empleados del Ayuntamiento de Arroyo, tienen firmados los respectivos libramientos, que aparecen en las aludidas cuentas, por sueldos y atenciones devengados en todo ó en parte de los años económicos de 1891 á 92, 92 á 93 y meses de Julio á Setiembre de 1893 á 94, con las siguientes excepciones: los libramientos donde están incluidos los sueldos de Antonio Arquel Iglesias, como guardia municipal durante los años del 91 á 92 y del 92 á 93, están firmados por el Cabo de la Policía Municipal, figurando el Sr. Arquel Iglesias en la relación que se acompaña con cada libramiento, estando expedido éste por el total de los sueldos de los individuos que constituyen el cuerpo de guardias municipales. Solamente un libramiento de ciento cincuenta pesos por sueldos, de los seis últimos meses del ejercicio de 1892 á 1893, está extendido á favor de Arquel, y firmado por él. El importe de los sueldos de Cándido Garcia como guardia urbano durante el ejercicio de 1891 á 92 y los meses de Julio, Agosto y Setiembre del 93 al 94, aparecen librados en unión de los del otro urbano Ramón Rodri-

guez, firmando siempre éste los libramientos por sí y á nombre de García. En el año económico del 92 al 93 aparece un sólo libramiento de trescientos sesenta pesos por sueldos durante el año, de los urbanos Ramón Rodriguez y Cándido García, estando firmado solamente por Rodriguez. En el mismo año del 92 al 93, aparece otro libramiento por noventa y seis pesos á favor de Cándido García, como encargado de los faroles, que no tiene firma alguna debajo del recibí. Otros libramientos que aparecen á favor de Cándido García como encargado de los faroles del alumbrado público, están firmados á ruego del interesado, por Ramón Rodriguez; certifica además el Tesorero, que en las cuentas de referncia no existe constancia alguna de que por Don Eugenio Ruiz se suministrara á la Alcaldía de Arroyo por alumbrado y otros efectos la suma de doscientos sesenta y cuatro pesos en diferentes partidas.

*Resultando* que en el acto del juicio oral el abogado defensor del demandado reconoció la certeza y legitimidad del documento de cuatro de Enero de mil ochocientos noventa y cuatro que obra al fólio 1 de estos autos.

*Considerando* que con arreglo al artículo 1091 del antiguo Código Civil, cuyo precepto reproduce el 1058 del vigente, las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse al tenor de los mismos.

*Considerando* que habiéndose comprometido Don Pedro Virella Uribe en el documento del fólio 1º á abonar á Don Eugenio Ruiz del Vall las cantidades que en el mismo se expresan, detalladamente, por sueldos de los empleados del Ayuntamiento de Arroyo que se relacionan en el mismo documento, tan luego recogiera las firmas de los interesados en los respectivos libramientos, por sueldos y otras atenciones devengados hasta Setiembre del 1893, y constando de la certificación librada por el Hon. Tesorero de Puerto Rico, obrante al fólio 75 de estos autos, y traida á instancia del actor durante el término de prueba, que según consta de las

cuentas de fondos municipales del Ayuntamiento de Arroyo, correspondientes á los años de 1891 á 92, 92 al 93 y 93 al 94, que existen en aquella oficina, los individuos relacionados en el citado documento del fólio 1, empleados y funcionarios que fueron del Ayuntamiento de Arroyo, tienen firmados los respectivos libramientos que aparecen en las aludidas cuentas, por sueldos y atenciones devengados en todo ó parte de los años economicos de 1891 á 92, 1892 á 93 y meses de Julio, Agosto y Setiembre de 1893 á 1894, con las excepciones que en la misma certificación se expresa, es de estimarse cumplida la condición impuesta, respecto de aquellos libramientos expedidos á favor de los empleados del Ayuntamiento de Arroyo que aparecen relacionados en el documento del folio 1, por sueldos devengados durante el tiempo á que se refiere la certificación dél Tesorero de Puerto Rico, y que aparecen firmados por los mismos interesados, ó por medio de otras personas; y por consiguiente que el acreedor Don Eugenio Ruiz de Vall está en perfecta aptitud para cobrar las cantidades á que asciende la liquidación practicada, y que obra inserta en el mismo documento del fólio 1 en lo que no excedan del valor de los expresados libramientos.

*Considerando* que no se encuentra en el mismo caso, y por consiguiente, no es de abono á Don Eugenio Ruiz del Vall, el libramiento expedido á favor del guardia urbano Cándido Garcia, por noventa y seis pesos, que según la certificación del Tesorero no aparece autorizado por él, ni por ninguna otra persona, en su nombre, el recibo que aparece al pié del mismo libramiento; ni los doscientos sesenta y cuatro pesos treinta y un centavos con que figura el mismo Don Eugenio Ruiz de Vall por suministro de alumbrado y otros conceptos que se expresan en la segunda parte del citado documento del folio 1, y que se comprometió á pagar el demandado Don Pedro Virella Uribe, mediante libramiento suscrito por el mismo interesado, pués aparte de que no se justifica el crédito con el comprobante convenido, ó sea el libramiento extendido á favor del demandante y suscrito con

su firma, resulta también de la certificación del Tesorero, obrante al fólio 75, que no existe en las cuentas municipales del Ayuntamiento de Arroyo constancia alguna de que Don Eugenio Ruiz de Vall suministrara á la Alcaldía de aquél pueblo, por alumbrado y los demás conceptos que se expresan, los doscientos sesenta y cuatro pesos treinta y un centavos á que se hace ascender el crédito de referencia.

*Considerando* que si bien en la misma certificación del Tesorero aparece que existen otros libramientos del Ayuntamiento de Arroyo, á que se contrae dicha certificación que no aparecen firmados por los respectivos interesados, por sí ó por otras personas, en su nombre, como los de los sueldos del guardia municipal Antonio Arquel Iglesias, correspondiente á los años de 1891 á 92 y 92 á 93, que aparecen firmados por el Cabo de la Policia Municipal, pero figurando el Arquel en la relación acompañada con cada libramiento y estando expedidos éstos por el total de los sueldos de los individuos que componían el cuerpo de guardias municipales; y otro libramiento expedido á favor del mismo guardia urbano Cándio Garcia, por sus sueldos y los de su compañero, el otro guardia Ramón Rodriguez, que aparece firmado sólo por éste, deben estimarse de abono á Don Eugenio Ruiz de Vall, toda vez que en el largo tiempo transcurrido no consta se haya formalizado reclamación ni protesta alguna por los interesados contra la legitimidad de los pagos hechos, por lo que es de presumirse que con su adquiescencia y conformidad se firmaron á su nombre los respectivos libramientos.

*Considerando* que las costas deben imponerse al litigante cuyas pretensiones fueren totalmente desestimadas: pero en otro caso deben imponerlas los Tribunales con arreglo á equidad.

*Vistos* los artículos citados del antíguo y del vigente Código Civil, la Sección 63 de la Orden General No. 118 de 1899, y las demás disposiciones de aplicación General.

*Fallamos* que debemos revocar y revocamos la sentencia apelada, condenando á Don Pedro Virella Uribe á pagar

á Don Eugenio Ruiz del Vall las cantidades relacionadas en la primera parte del documento del fólio 1, en lo que no excedan del valor de los libramientos expedidos á favor de los empleados del Ayuntamiento de Arroyo, relacionados en el mismo documento del fólio 1, por sueldos y atenciones devengados durante los años 1891 á 92, 92 á 93 y los meses de Julio, Agosto y Setiembre del 93 al 94, á que se refiere la certificación del Tesorero de Puerto Rico, del fólio 75, y que aparezcan firmados por los mismos interesados ó por medio de otras personas, con excepción del expedido á favor del guardia urbano Cándido Garcia, por valor de noventa y seis pesos, á que se refiere también la misma certificación del Tesorero; previa la liquidación correspondiente, que se practicará con arreglo á los artículos 922 y siguientes de la Ley de Enjuiciamiento Civil, y reduciéndose la cantidad que resulte, á la moneda oficial con el descuento establecido; y absolvemos de la demanda á Don Pedro Virella Uribe, en cuanto á los doscientos sesenta y cuatro pesos treinta y un centavos del crédito reconocido á su favor en el documento del fólio 1, por suministro del alumbrado y otros conceptos, sin especial condenación de costas de ambas instancias.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.